UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 13-10017-RWZ |
| (2)JONATHAN DASILVA, | ) | |
| and | ) | |
| (19)PATRICK GOMES, | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS INDICTMENT

The United States of America, by and through its attorneys,
Carmen M. Ortiz, United States Attorney, and Assistant U.S. Attorney
Emily Cummings, submit this opposition to the motions to dismiss
various counts of the superseding indictment of defendants Jonathan
DaSilva (Dkt. No. 921), Patrick Gomes (Dkt. No. 896), filed on March
17, 2014 (DaSilva) and March 13, 2014 (Gomes).  For the reasons set
forth below, defendants' motions should be denied.

Background

The charges set forth in the Superseding Indictment arise from
a three-year investigation run by the Federal Bureau of Investigation
("FBI") and the Boston Police Department ("BPD"), into the violent
and drug related activities of leaders, members and associates of
the Hendry Street and Woodward Avenue ("Woodward/Hendry") street
gangs in Dorchester and Roxbury.  From August 2011 through January
2013, a cooperating witness ("CW-1") working with the FBI and BPD

conducted over thirty controlled purchases of crack cocaine (cocaine base), oxycodone, and marijuana from defendants Alexis Hidalgo, Jonathan DaSilva, and several members of their drug trafficking organization which was comprised of Woodward/Hendry gang members and associates.

Additionally, from August 2012, through January 17, 2013, investigators conducted court-authorized interception of six cellular telephones used by Alexis Hidalgo and Jonathan DaSilva in furtherance of their drug trafficking activities. These interceptions demonstrated the extent to which the members of the respective gangs worked together under the collective leadership of Jonathan DaSilva and Alexis Hidalgo to distribute controlled substances, possess firearms, and commit violent acts largely out of 37 Hendry Street 36 Woodward Avenue.

On October 23, 2012, agents monitoring calls occurring over a cellular telephone used by J. DaSilva intercepted an incoming call from a female identified as Tiffany Scott stating that Michael Scott, her brother and a fellow gang member of J. DaSilva's, was alone at the Roxbury District Courthouse where members of a rival gang (specifically, an individual known to investigators as Angelo Teixera, or "G-Lo") had "trapped" him. Aff. in Supp. of Appl. for Authorization to Intercept Wire Communications ¶ 161 n.5, Oct. 24, 2012 ("Exhibit 1"). After receiving the call J. DaSilva called Gomes

2

and proceeded to direct both Gomes and another co-defendant, Joshua
Brandao, to obtain a firearm and go the courthouse and aid their
"trapped" associate (referred to as "Mikey" in the call). Id.

Investigators monitoring the call responded to the courthouse
and ultimately stopped a grey Chevrolet Traverse in which Brandao
was the driver and Gomes was the passenger found a loaded .22 caliber
pistol in the glove box in front of Gomes.  Id.  The search of the
vehicle also yielded two plastic bags of a substance that is believed
to be marijuana.  Id.  J. DaSilva and Gomes were charged in Count
Ten with being a felon in possession of a firearm and ammunition,
aiding and abetting as a result of the seizure of this firearm.

Ultimately the investigation led to the execution of ten search
warrants and the arrest of thirty individuals on January 17, 2013,
twenty nine of who were charged in a Superseding Indictment on November
20, 2013.

Defendants Jonathan DaSilva ("J. DaSilva"), and Patrick Gomes
("Gomes") are charged in Count One of the Superseding Indictment with
conspiracy to distribute cocaine, cocaine base, oxycodone, and
marijuana, in violation of 21 U.S.C. § 846.  Defendant J. DaSilva
is also charged in Count Two with the distribution of marijuana, in
violation of 21 21 U.S.C. § 841(a)(1), Count Three with the
distribution of cocaine base, aiding and abetting, in violation of
21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Nine with the

distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1); and with Defendant Gomes in Count Ten with being a felon in possession of a firearm, aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2.

J. DaSilva and Gomes now move to dismiss Count Ten, which charges them with being a felon in possession of a firearm and ammunition, and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2. Defendant Gomes argues that there is insufficient evidence to support probable cause that he possessed the firearm and further, that his rights afforded to him under the Second and Tenth Amendments were violated.

J. DaSilva also moves to dismiss so much of Count One of the Superseding Indictment that charges him with conspiracy to distribute cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. §846, and Count Three of the Superseding Indictment that charges him with the distribution of cocaine base, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant J. DaSilva argues that there is insufficient evidence to support his indictment on these counts. The arguments of both defendants are without merit and the motions should be denied.

## ARGUMENT

### I.   Defendants' Motions to Dismiss for Insufficient Evidence Should Be Denied

Generally, courts will not sustain a defendant's challenge to a facially valid indictment on grounds of insufficient or incompetent evidence. *See Costello v. United States,* 350 U.S. 359, 363-64 (1956) (refusing to establish rule permitting defendants to challenge indictments on basis of incompetent evidence); *see e.g. United States v. Guerrier,* 669 F.3d 1, 3 (1st Cir. 2011) (validity of indictment not affected by alleged insufficiency of evidence because elements of the crime and nature of the charges sufficiently outlined); *United States v. Casas,* 425 F.3d 23, 28 (1st Cir. 2005) (indictment valid despite contradictory trial testimony exceeding the scope of witness' grand jury testimony because no evidence prosecutor knowingly presented false testimony.

Further Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged. *See United States v. Troy,* 618 F.3d 27, 34-35 (1st Cir 2010) (indictment for solicitation to commit violent crime sufficient under 7(c)(1) despite failure to allege interstate commerce element of attempted arson. An indictment is not sufficient if it fails to state a material element of the offense. In determining whether an indictment informs the defendant of the offense charged, courts give the indictment a common sense construction. *See e.g. United States v. Mubayyid,* 658 F.3d 35, 70 (1st Cir. 2011) (indictments are to be

read in common-sense manner).   Neither Defendant sets forth reasons that warrant dismissal of the Superseding Indictment.   While both argue that there is insufficient evidence supporting a finding of guilt, these are not grounds that warrant dismissal of any count or portion of the Superseding Indictment.

Specifically, Gomes sets forth arguments as to why he was not in actual possession of a firearm on October 23, 2012, without addressing the fact that the firearm was seized from a glove compartment that he was sitting in front of after participating in conversations where J. DaSilva directed him to obtain a firearm and go with Brandao to the Roxbury District Courthouse.   Courts have held that sufficient evidence of constructive possession exists under numerous factual scenarios.   *See United States v. Michel,* 446 F.3d 1122, 129 (10th Cir. 2006) (evidence sufficient to convict passenger of constructively possessing firearm in vehicle).   Notably, Gomes does not dispute the accuracy of the calls he and J. DaSilva engaged in, where he was seated in the Chevrolet Traverse, or where the firearm was recovered from.   The court not even address his Second and Tenth Amendment claims, or his arguments set forth under the Commerce Clause.

J. DaSilva's arguments consist of his setting forth facts that relate to his distribution of marijuana and oxycodone and ignoring conversations he engaged in with customers of the drug conspiracy

6

who were looking to obtain crack cocaine (J. DaSilva sent them to his co-conspirator Hidalgo) and cocaine suppliers looking to unload multiple kilograms of cocaine (J. DaSilva discussed price and said he would have to speak with co-conspirator Hidalgo).   Again, J. DaSilva does not contest the accuracy of any facts, only that they are insufficient for a grand jury to find probable cause.   These arguments fail to warrant dismissal of the Superseding Indictment.

## CONCLUSION

All three defendants have failed to demonstrate why counts and portions of counts contained in the Superseding Indictment should be dismissed.   Accordingly, the motions for dismissal should be denied.

Respectfully Submitted,

CARMEN M. ORTIZ
United States Attorney

By:   */s/ Emily Cummings*
Emily Cummings
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Emily Cummings*

7

Emily Cummings
Assistant United States Attorney


Date: June 18, 2014